Dear Mr. Rosamano:
You have requested an opinion of the Attorney General regarding whether parish presidents' authority to commandeer private property pursuant to La. R.S. 29:727 for the temporary roofing and debris removal missions would also include the use of that same authority to grant levee boards the use of private property for emergency levee repairs, with the requisite requirements to compensate the landowner for the rights taken.
This office previously issued Opinion No. 05-0360 which found that, while in general, the use of parish equipment and labor on private property is prohibited by Article VII Section 14 of the Louisiana Constitution, public equipment and labor, which may include more than only parish equipment and labor in catastrophic circumstances, may be used without an authorized right of entry to protect the residential private property of the citizens in those areas in southeast Louisiana that experienced such severe flooding that the citizens have been unable to return to their homes in the event of a declaration of an emergency or disaster in accordance with R.S. 29:721 et seq.
We have determined that this authority would also extend to assigning right and easement to clear, borrow, excavate, and remove soil, dirt, and other materials from private property so as to perform necessary levee repair and rehabilitation prior to acquiring permission from the landowner. This would also include all necessary rights for access and temporary construction easements in order to perform this mission.
This acquisition would require that the landowner be compensated for the property at the fair market value.
This opinion incorporates all other provisions and holdings found in Opinion No. 05-0360 and simply holds that the Parish Presidents, Mayor/President, or Mayor, in the case of New Orleans, also have the power to commandeer private property for use as borrow to repair and rehabilitate the levee systems prior to acquiring the landowner's permission, as long as the private land owner is justly compensated.
We hope this response adequately responds to your inquiry, however, if we can be of further assistance, please advise.
 Respectfully submitted,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL